February 3, 2015

Fourth Court of Appeals

Deputy Clerk,Jennifer Saenz # 53221

RE: Filing of Response to Appellee
    Sheriff of Atascosa's brief
    Court of Appeals No:04-14-00612-CV



Dear Clerk,Saenz # 53221

Please find enclosed my Response to the filing of Appellee Sheriff's brief with added exhibits,"I","J","K", please file this for me. Thank you for your help in this matter, also please make sure Appellee gets a copy. If there is anything else I need to do or correct please contact me.

Respectfully submitted

David A. Edwards #907246
David A. Edwards # 907246
Appellant/pro se
Ellis Unit, 1697 FM 980
Huntsville, Tx 77343

Civil Action No: 12-02-0185-CVA

Court of Appeals No: 04-14-00612-CV

DAVID ALLAN EDWARDS # 907246          §
ELLIS UNIT, 1697 FM 980               §
HUNTSVILLE, TEXAS 77343               §

    APPELLANT                         §

        -V-                           §          IN THE FOURTH
                                                 COURT OF APPEALS
COUNTY OF ATASCOSA, SHERIFF           §          JUDICIAL DISTRICT OF TEXAS
OF ATASCOSA COUNTY                               SAN ANTONIO, TEXAS
                                      §
    APPELLEE                          §

---

<u>APPELLANT'S RESPONSE TO APPELLEE SHERIFF OF ATASCOSA COUNTYS FILING OF BRIEF</u>

TO HONORABLE JUDGE OF SAID COURT,

Now comes <u>DAVID ALLAN EDWARDS</u>,who is indigent and acting pro se. Appellant is incarcerated at the Ellis Unit located in Huntsville, Texas and will explain as follows.

I

In Appellee's Introduction he explains as argument about Appellant's failure to attack or present certain arguments preserveing his right to appeal the Summary Judgement granted to Appellee. Appellee has asked this court to affirm the District Courts granting of Summary Judgement. Appellee has basic- ally stated five reasons. I will address each reason as each reason is merit- less and without any basis in law or fact when weighed against Appellant's arguments and evidence.

1) Appellee states he has proven due diligence and served his Motion for

summary judgement upon Appellant timely. Appellee also states that it was served and signed for by an Amanda Beltran at Appellant's last known address, Ellis Unit, Huntsville,Texas, on April 3, 2014 or April 9, 2014. Appellee states both dates in his brief as being served upon Appellant. Appellee states Amanda Beltran is an employee of the Ellis Unit. Appellee also states that he had no prior knowledge of Appellant's change of address prior to April 9,2014.

2) Appellee states Appellant failed to object or provide any argument concerning his four year statute of limitations §16.051 and has now waived his right to do so.

3) Appellee states he has the right to file summary judgement motion. Appellee states the District Court has ruled correctly and he filed timely his only answer on April 4, 2012. Appellee states there is no set date concrning TRCP 237a. Appellee states his late filing in State Court after removal on April 4, 2012, is good enough for an answer.

4) Appellee states Appellant never mentioned or argued Fraudulent Concealment Doctrine at hearing on may 9, 2014 or ever mentioned it in his pleadings. Appellee states had Appellant done so then it would have nullified his affirmative defense of four year statute of limitations § 16.051 and would have tolled the time see page 23, number 4. Unlike the discovery rule, application of the Fraudulent Concealment Doctrine is fact-specific.

5) Appellee on page 17 of his brief he expalins that by mere coincidence he filed his answer on April 4,2012 at 3:09 pm and defendant District Attorney filed the Removal at 4:46 pm ending jurisdiction for the State. Appellee also states that this mere coincidence saves his answer and that it is now considered properly filed.

Appellant will present arguments for the following statements by Appellee.

## POINT NUMBER ONE AND ARGUMENTS

First, I will make it of record that NO AMANDA BELTRAN WORKS AT THE ELLIS UNIT, HUNTSVILLE, TEXAS. ON APRIL 9, 2014 OR BEFORE THAT DATE. Amanda Beltran is a long time employee of the Atascosa Sheriff's Department. See Exhibit "H".Appellant was transferred to the Atascosa Sheriff's Department on bench warrant on March 27, 2014 by a Deputy Dreary. Deputy Dreary informed Appellant that he took the paperwork directly to defendant Sheriff upon arrival and made him aware that I was in custody in his jail on March 27, 2014. It is not the duty of Appellant to make the defendant share such information with his lawyer but, that said there was a hearing scheduled for April 3,2014 and it would be totally insane to believe that defendant's counsel Lucinda Vickers, did not know that Appellant was in custody at the Sheriff's jail after being specifically bench warranted for said hearing on April 3, 2014, and receiving copy of bench warrant.

Also Appellant had written to Deputy Clerk Luz Estrada #3219 of The Fourth Court of Appeals for change of address and to notify ALL DEFENDANT'S of this fact. Deputy Clerk Estrada notified Defendant Sheriff's Counsel of my change address on April 2, 2014 a day before Appellee sent out his summary judgement. See exhinit"D" MNT,attachment "A" numbers 1 and 2, letters from Deputy Clerk Estrada, confirming that she sent defendant Lucinda Vickers,my change of address on April 2, 2014. The hearing was reset from April 3, 2014 to May 9,2014. The way things transpired it is not a far reach to conclude that on April 3, 2014 that the defendants, District Attorney of Atascosa and Sheriff of Atascosa had some type of meeting with Judge Thomas Lee,and reset the hearing for May 9, 2014 among other things comparing briefs and game plans for imped- ing Appellant's ability to defend their COPYCAT SUMMARY JUDGEMENTS both filed on the same day and BOTH SENT TO THE WRONG ADDRESS. See [RR,pg 28,11-14],

(3)

Mr.Arriga;" Thank you, Judge, Our motion for summary judgement and motion to sever is ACTUALLY A COPYCAT OF DISTRICT ATTORNEY'S, IT'S ESSENTIALLY THE SAME."

Appellee in his current brief still states that an Amanda Beltran, signed for this SJ on April 9, 2014 at the Ellis Unit in Huntsville, Texas. He states atleast four times. This couldn't be further from the truth. The facts are as follows and supported by the evidence and law herein submitted by Appellant.

A) Appellee filed said SJ motion on April 3, 2014

B) Ellis Unit, Huntsville,Texas, Ms. English received this motion on April 7, and forwarded it to the Atascosa County Jail, receiving same on April 9,2014. Employee,Amanda Beltran,signed for these legal papers via certified mail as an agent or representative or with permission from Appellant. Then said employee denied Appellant access to these papers until Deputy served them upon Appellant on April 23,2014 at 3:54 pm.This denying Appellant the 21 days dictated by law and statute concerning summary judgement motions and service, not to mention violating federal laws of Tampering with mail and CPRC § 17.030(d), and Penal Code Chapter 37 for tampering with gov't record.

C) Since Appellant was not served Motion for Summary Judgement until April 23, 2014 not allowing the 21 days notice as dictated by law, the SJ that was granted on May 9, 2014 is void. Appellant filed a Motion to Reset at hearing and properly objected to same preserving this error by hearing court. See exhibit (B,D,E,H) Appellee had no legal right to summary judgement.

RULES FOR SERVICE AS PER TRCP 107

ADDRESSEE'S SIGNATURE; When the process is served by registered or certified mail, the return must contain the return receipt with the addressee's signature. HUBICKI V FESTINA,226 S.W.3d at 405," Return was invalid because it was

(4)

stamped with signature and no proof was offered to show signature was authorized." UNION PAC. CORP V LEGG, 49 S.W.3d at 72,79, "WHEN SIGNATURE WAS NOT PLAINLY THE AGENT'S, SERVICE WAS NOT ADEQUATE",HARMON TRUCK LINES,INC. V STEELE,836,S.W.2d at 262,264

OTHER AUTHORIZED PERSON; If the return is signed by an authorized person other than a sheriff, constable, or court clerk, the return must be verified or signed under penalty of perjury, TRCP 107,See CLRC § 17.030.

FALSIFYING RETURN; A person who knowingly or intentionally falsifies a return of service may be prosecuted under penal Code chapter 37 for tampering with a governmental record.CPRC § 17.030(d).

Amanda Beltran is not my agent,representative nor does she have my permission to sign for me any type of legal documents. There cannot be any coincidence concerning the events that transpired on or about April 9, 2014 concerning the service of Defendant Sheriff's Motion for Summary Judgement. Defendant's Attorney Lucinda Vickers falsified information to the Hearing Judge, in order to prevent any favorable ruling in Appellant's NO-ANSWER DEFAULTS as stating an AMANDA BELTRAN timely signed for Defendant's SJ's at the Ellis Unit. This granted Defendant Sheriff the opportunity for Judge Lee to sign his summary judgements and then sweep Appellant's issues under the paverbial legal rug as to prevent any investigation into the perjury of the Sheriff and his former employee's concerning the extraneous offense report or the illegal drugging while Appellant was incarcerated in his jail. The evidence submitted within Appellant's brief and on record is more than enough to warrant a reversal of hearing courts ruling. The fact that Appellant did not sign for any service on April 9,2014 and did not receive summary judgement until the 23 of April 2014,less than 21 days warrants a reversal in judgement. Appellee' s arguements are meritless and not founded in law or fact.

(5)

## POINT NUMBER TWO AND ARGUMENTS

Prior to hearing on May 9, 2014, Appellant had written a motion to Reset Hearing and contained within this motion was an objection to the filing of Appellee's motion for summary judgement. This motion contained the statute relied on § 16.051 four years,see exhibit "B",pg 2 TOP,OBJECTION TO HIS MOTION. In this motion to Reset Hearing, Appellant OBJECTED TO THIS MOTION IN TOTAL, WHICH RELATES TO CONTENT, NAME AND SUBSTANCE, preserving Appellant's right of review after motion to Reset Hearing was properly filed and presented to Hearing Court. Appellant OBJECTED to summary judgement motion filed by Appellee both concerning content and lack of a proper notice of 21 days. The latter being the primacy, meaning that if proper law and statute had been ruled on by Hearing Judge, motion for summary judgement by Appellee would have never been heard, nullifying any need for Appellant to present any arguments complained about by Appellee to preserve right of review,WHICH APPELLANT DID ANYWAY PRESERVING HIS RIGHT OF REVIEW.

See [RR,pg30,11-17,pg30,14-25,pg31,1-24,pg32,1-13]

" Okay,We're addressing the summary judgement that the Sheriff had brought up ?", " Okay. Then I'm going to object to even bringing it up into this argument or bringing up today because that was not timely served . I was served on the 23rd of this month."

See [RR,pg32,9-11,pg32,12-13]

" That is not the 21 days dictated by law, so that summary judgement shouldn't even be in here and I'm objecting to it for being so."

MOTION FOR NEW TRIAL TRCP 324," Must by its very nature seek to set aside existing judgement and request relitigation of issues'" BARRY V BARRY,193 S.W.3d at 72,74,attachment "A" contained letters from Deputy Clerk Estrada, #

(6)

3219, from The Fourth Court of Appeals, stating that ALL DEFENDANT'S on April 2, 2014 had been notified of Appellant's change of address by her. A fraud was committed by defendant Sheriff's counsel Lucinda Vickers,by stating she had never been notified of any change of address and she sent said SJ motion, to Ellis Unit, as that was the only address she had. It's unbelievable that Ms. Lucinda Vickers,had no idea, that Appellant was in custody of her client Sheriff of Atascosa, since the 27th of March and it's unbelievable that Ms. Lucinda Vickers, didn.'t see and read the letters sent to her by Deputy Clerk, Estrada # 3219 before mailing that motion to Appellant's unit. It's even more unbelievable that Ms. Lucinda Vickers,did not know who Ms. Amanda Beltran is and for whom she works for,her defendant client,and then claiming that Ms. Beltran,is an employee at Appellant's Unit in Huntsville, and by her signing , for this motion is considered properly served and a show of good faith and of due diligence is ludicrous and could be nothing less than fraud committed upon the court and at the very most perjury. See [RR,pg31,4-13,pg32,1-25,pg33,1-10] SPECIFICALLY see [RR,pg 32,23-25],"it was received by somebody named Amanda - Beltran on April the 9th at the Ellis Unit in Huntsville." See[RR.pg33,2-3 ], " WE DIDN'T HAVE ANY NOTIFICATION THAT THERE WAS A DIFFERENT ADDRESS." What makes this worse is Ms. Vickers, and her co-counsel Mr. Arriaga, have continued this fraud upon this HONORABLE COURT as they continue to use this facade of not knowing who Ms. Amanda Beltran,is as Mr. Arriaga,uses her name no less than four times in his brief to support proper service of his SJ motion by her signing it at the Ellis Unit in Huntsville.

Appellee failed to reply to Appellant's Motion For New Trial which contained the evidence and arguments concerning Ms. Beltran,and the improper service of a lack of 21 days. Appellee's own words in his brief pg 11,E. EDWARDS POST JUDGEMENT MOTION AND APPEAL, " The Sheriff did not respond to Edwards Motion for New Trial" By failing to respond to arguments presented in MNT,

(7)

properly filed and served upon the court,Appellee has waived his right to object now in his brief as he did not argue any points brought up in the Motion For New Trial,See Appellee's brief,pg11,E.,Also see JONES V ILLINOIS EMPLOYERS INS,136 S.W.3d at 728,"If Movant does not provide timely notice, the summary judgement will be reversed'" ETHEREDGE V HIDDEN VALLEY AIRPARK Ass'n 169 S.W.3d at 378,383 .

The law is clear and concise on this issue and Appellee, has put his cart before his horse as his motion for SJ should have never been admitted into that hearing on May 9, 2014. That motion should have never been ruled on due to the Appellee's failure to secure proper service and allow the 21 days required by TRCP 166 and all summary judgement rules and statutes. Appellant made proper and timely objections along with proper filing of motion to Reset Hearing to preserve any right to present arguments concerning Appellee's four year statute he relied on as a defense. The problem seems to be Appellee's continued pattern of behaviors reflect the very crux of Appellant's original Due Process Complaint but extending to his counsel and another employee Amanda Beltran. It's ironic that an employee,(LONG TIME) such as Ms. Beltran signed for important legalwork for me, then withheld this legalwork until such a time I could no longer defend such actions. Then counsel for defendant Sheriff Ms. Lucinda Vickers, manipulates the court proceeding with this same document, perjurying herself stateing that Ms. Beltran,is an employee of Ellis Unit, and it was proper service for Ms. Beltran to sign for me. See CPRC § 17.030 , also see penal Code chapter 37, Tampering with governmental records. TURNER V UPTON COUNTY,TX,915 F.2d at 133 (5th),Sheriff,defendant is responsible for the training of his employee's[Ms. Amanda Beltran] her actions constitute another violation of Appellent's Due Process Rights. Obstructing justice from its intended path affecting the outcome of the proceeding. Appellee'e arguments are without merit and not founded in law or fact.

(8)

## POINT NUMBER THREE AND ARGUMENTS

Remand Order issued by Federal Court and the doctrine that follows is clear and concise in RULE 237a. " Once a case has been remanded to State Court after removal to Federal Court,TRCP gives the defendant 15 days to file an answer,COUNTING FROM THE DATE THE DEFENDANT RECEIVES NOTICE OF THE FEDERAL COURTS REMAND." See HBA E. ltd V JEA BOXING Co,796 S.W.2d at 524,538. The time for defendant to file an answer in State Court begin to start at the time of notification,October 25, 2012 when defendant was duly served and notified of REMAND.Defendant had 15 days to file his answer from that date.

The other defendant's had no problem filing their answers within that time period. See exhibit "D", attachment "B" REMAND ORDER. It clearly states within this ORDER that defendant had knowledge of this Removal as he verbally cons-ented to it but,NEVER filed any answer in Federal Court and NEVER filed a answer in State Court after REMAND. The rules and removal statute is to be strictly construed GASCH V HARFORD Acc.& INDEM.Co.,491 F3d,278,281-82(5th). The rule cited by Appellee and submitted for evidence NO WHERE states any defensive theory for his failure to file an answer after removal in State Court especially after failing to file any answer in Federal Court after agreeing to same with defendant District Attorney. INFACT, this evidence cited by Appellee, states the following, Section 74 of title 28,"REQUIRES THE ADVERSE PARTIES TO PLEAD ANEW IN DISTRICT COURT." covered by Rule 81(c) 1447(d), and adopted by RULE 237a,15 days to file answer after notification.

" The notice of removal by District Attorney and consent of Appellee Sheriff, may be sufficient to serve as consent of defendant County, because claims against a Sheriff and District Attorney in their official capacity are a suit against the county" BROOKS V GEORGE COUNTY,MISSISSIPPI,84,F.3d,157,165,(5th).

(9)

There is a long standing relationship between the District Attorney and Sheriff concerning law and fact. Where one leads the other follows as stated in this case by the Fifth Circuit. It is unbelievable that Appellee was not aware of the notification of the Remand and with the rules governing it as the District Attorney had no problem answering after remand within the 15 days. The fact is Appellee Sheriff and his counsel were negligent in their duties or diligence in following the rules and statutes and now want to make new avennues inwhich to correct their failings. The law is clear in this matter.

Appelle had knowledge and consented to removal but, failed in his duties to either file any answer in Federal Court or State Court after remand. Appellee had knowledge of removal on or around the 30th of March, 2012, as he consented to same. He admitted to his late filing in State Court on April 4, 2012 see his brief page 15, mid section. He knew that filing was meritless.

MATTER OF PANCAKE, 106 F.3d at 1242 (5th), "UNDER TEXAS LAW" Where No-Answer is filed defendant is deemed to admit plaintiff's pleadings and, thus maybe entered based on those pleadings" STONER V THOMPSON,578 S.W.2d at 679,682, Defendant who NEITHER ANSWERS or appears has admitted the facts properly pled and the justice of the opponents claims. Defendant NEVER FILED ANY ANSWER IN FEDERAL COURT OR STATE COURT AND WAS DULY SERVED ON OCTOBER 25,2012 WITH REMAND ORDER. The Hearing Court FAILED in its duty to be fair or impartial as Appellee should have NEVER been allowed to enter or file any Motion for Summary Judgement. The statute relied on as affirmative defense has no merit § 16.051 as Fraudulent Concealment Doctrine dictates proceeding, especially when Appellee has failed to file any type of answer defending his position, timely or otherwise, Appellee's argument has no merit in law or fact

(10)

## POINT NUMBER FOUR AND ARGUMENTS

In Appellee's brief and argument he mentions that Appellent NEVER mentioned Fraudulent Concealment Doctrine and by doing so has waived his right to do so now. See Appellee's brief, page 24, last two sentences, " However, Appellant failed to plead the discovery rule or the doctrine of fraudulent concealment in any of his pleadings in this suit," page 25,Top," But because, Appellant failed to plead the doctrine, he waived the defense." See brief,page 22," Appellant failed to argue that the four year residual statute of limitation period was not applicable in his suit, and thus waived such an argument."

This could be nothing further from the truth and facts supported by evidence. I will explain as follows.

Appellant brought up three cases in his Supplement 69,80, that explained Fraudulent Concealment and tolling statutes on page 2. Martin V Catterson 981 S.W.2d at 222, Willis,760,S.W.2d at642 and Streber,221 F.3d at 701.,Texas Deceptive Trade Act,17,39-50.Appellant, also brought up this argument at the hearing on May 9, 2014 concerning Appellee, Sheriff. see [RR,pg23,3-4] Mr. Edwards; " As far as the doctrine in which I filed, that was fraudulent concealment." see [RR,pg27,4-8]," that the limitation doesn't compare-- it doesn't apply to this, Fraudulent Concealment is a doctrine that tolls until discovery and this is my chance to discover it and thats what I'm asking for." See [RR,pg27,16],"Fraudulent Concealment tolls." See [RR,pg34,15-20],"Fraudulent - Concealment Doctrine, until discovery and the four year statute does not apply"

It is unfounded arguments in which Appellee relys on for a defense as Appellant timely objected and brought up correct arguments at hearing but, was denied

any indifference by Hearing Judge, as his mind was all ready made up prior to arguments and hearing on May, 9,2014. No matter what arguments Appellant brought up and no matter how valid in law or fact Hearing Judge was not going to rule in Appellant's favor. See Exhibit "D" MNT,attachment "C" statements by witnesses at hearing prior to and afterwards.

Appellee contradicts himself comparing his brief and statments contained within to the Reporters Record. See [RR,pg28,18-20],Mr.Arriaga;" And I'll address the DISCOVERY RULE a little bit more, Judge,SINCE Mr EDWARDS BROUGHT THAT UP." Appellee states as an argument that Appellant waived his right to argue the Discovery Rule as he failed to bring it up. See brief page 24, last two sentences, see page 25,Top,"But because Appellant failed to plead the doctrine, he waived the defense." I am totally confused with what point or argument Appellee is trying to impliment here as he clearly in his own words at the hearing and in the Reporters Record clearly states [RR,pg28,18-20],Mr.Arriaga; " And I'll address the <u>discovery rule</u> a little bit more,Judge, <u>SINCE Mr. EDWARDS BROUGHT IT UP.</u>" Which is it ? The record and the evidence clearly show that Appellant brought up the Fraudulent Concealment Doctrine, at the Hearing on May 9, 2014, but Hearing Judge Lee, clearly did not let Appellant bring his argument into full spectrum of discussion as the Reporters Record shows. see [RR,pg27,1] "SO WHAT." Appellant objected to the lack of 21 day service as that would have nullified any filing of summary judgement by Appellee and Hearing Judge responded as follows.[RR,pg32,12-13],"THE JUDGE: "Well, your objection is on the record. It's overruled." This ruling totally contrary to rule and law on 21 day notice.See <u>LEWIS V BLAKE</u>,876. S.W.2d at 314,316.TRCP 166a(c), Motion to Reset,which is not discretionary but, MANDATORY when less than 21 days notice is not given. "Error of Law"

(12)

In Appellee's brief on page 23,#4. He explains about the exceptions to the accrual rule for the statute of limitations defense. First, the accural of a cause of action will be tolled when the nature of the injury is inherently undiscoverable and the evidence of the injury is objectively verifiable.WAGNER & BROWN V HORWOOD,58.S.W.3d at 732,734. This is known as the discovery rule.Id. Secondly, the accrual of a cause of action will be tolled in cases where a defendant fraudulently conceals the injury.BP Am.PROD.CO V MARSHALL,342 S.W.3d at 59,67. The doctrine of fraudulent concealment is an equitable affirmative defense to a plea that the statute of limitations bars a suit. AT&T CORP V RYLANDER,2 S.W.3d at 546,557.

A) A party relying upon the doctrine of fraudulent concealment must raise it in response to a motion for summary judgement and bears the burden to prove each element of the doctrine to raise a genuine issue of material fact. WRIGHT V GREENBERG, 2 S.W.3d at 666,667

B) To raise the doctrine of fraudulent concealment, the plaintiff must prove that the defendant had actual knowledge of the wrong, that the defendant had a fixed purpose to conceal the wrong and that the defendant, in fact, did conceal the wrong from plaintiff.SHAH,67 S.W.3d at 841

There are three elements that need to be met according to the Doctrine submitted by Appellee's brief. Appellant has met these requirements and will explain as follows.

A) Response to a summary judgement motion. Appellant brought this Doctrine into the hearing as argument on May 9, 2014. See Reporters Record.[RR,pg23, 3-4,pg27,4-8,pg27,16,pg34,15-20] and Appellee confirmed this,see [RR,pg28, 18-20]Mr.Arriaga;"And I'll address the dicovery rule a little bit more, Judge, since Mr. Edwards brought that up." Element "A" is satisfied

B) The three elements are as follows:

(13)

1) I want to make of record concerning a statement that was made to me on January 7th or 8th, 2000. This statement was made by Corrections Officer Christopher Diamond. See exhibit "I" Inmate Declaration. This statement verified that Mr. Diamond, knew what he had done was totally wrong. This statement was made infront of two other inmates, Steve Worthy and Isreal Gonzales. The jail records will show that they were being housed in Dayroom #4 with me on that date. I tried to contact Mr. Diamond and he did sign for a certified request I sent him to be present at the hearing on May 9, 2014 but, failed to show. I could not subpoena him as the only address I have is a PO BOX. Christopher Diamond, PO Box 698, Pleasanton, Texas 78064. The Clerk would not issue service to this box. I could not find the proper address for Casey Lopez as this address 406 Virgina St. Pleasanton, Texas 78064, I was told he did not live there. I did however subpoena with successful service the following Sandra A Edwards, Michael Klepac, Martin Gonzales and Detective Wayne Stratton. All parties named have knowledge of false extaneous offense report and how it relates to Appellee and other defendant District Attorney.

2) The purpose of Appellee's actions were to provide a document "Extraneous Offense Report "so that ADA Jackie Sparks, could give this to a jury to help enhance Appellant's sentence at punishment. See ALLEYNE V UNITED STATES. 133 S.Ct 2151 (2013) " The essential point that the aggravating fact (EXTRANEOUS OFFENSE REPORT) produced a HIGHER RANGE of punishment. When an ALLEYNE violation occurred, the defendant's sentence was UNCONSTITUTIONALLY ENHANCED by the sentence exceeding the five years. This violated my Due Process Rights, 14th USCA. See exhibit "D" MNT, attachment "G" extraneous offense report and exhibit "K" Charge to the Court. The Appellee in tandom with the District Attorney used this ficticious extraneous report containing false and perjured allegations violating Appellant's Due Process Rights to a fair and impartial jury to assess his punishment. The REASON OR PURPOSE has been satisfied.

(14)

3) Appellee, Sheriff failed to answer any Interrogatories or produce any Admissions during the Discovery Phase of suit. Also employee's of Appellee have been very evassive during this suit failing to show up at hearing on May 9, 2014. After being duly served by subpoena to do so. Appellee was GREATLY AIDED by Hearing Judge Thomas Lee, denying Appellant the ability to develope evidence in the form of testimony from my witnesses at the hearing. Appellant has shown due diligence trying to obtain testimony and evidence in support of his claims. It is of no fault of Appellant that he has been denied this through Appellee's evassive and dilatory tactics.

Hearing judge has violated Appellant's Due Process Rights and will explain as follows.SUAREZ V STATE,31 S.W.3d at 323 "Right to confrontation by cross-examination is fundamental constitutional right" THOMAS V STATE,897 S.W.2d at 539,Crim Law 662.7 "Defendant's right to subpoena witness in his favor arise out of the United states Const 6th Amend right of compulsory process." (Tex App-San Antonio 2000). TRE 806, When hearsay statement, or a statement defined in Rule 801(e)(2)(c),(D)or(E) or in CIVIL CASES a statement defined in Rule 801(e)(3) has been admitted into evidence, THE CREDIBILITY OF THE DECLARANT MAY BE ATTACKED. "IF THE PARTY AGAINST WHOM A HEARSAY STATEMENT HAS BEEN ADMITTED CALLS THE DEClARANT AS A WITNESS, THE PARTY IS ENTITLED TO EXAMINE THE DECLARANT ON THE STATEMENT AS IF UNDER CROSS-EXAMINATION ." VICTOR M. SOLIS UNDERGROUND UTIL & PAVING CO. V CITY OF LAREDO,751 S.W.2d at 532,537, Tangible item used for specific purpose (extraneous offense report) . CPRC § 101.021(2)

"Authentication is established by evidence that the matter in question is what its proponent claims it to be, TRE 901(b)(1) In Re G.F.O.874 S.W.2d at 731, A document is considered authentic if(2) a sponsoring witness vouches for the documents authenticity. Until those witnesses are allowed to be questioned , the

(15)

element of Fraudulent Concealment exist tolling any statute Appellee may rely on. Knowledge that something MAY NOT BE TRUE, when you know for certain that evidence exist to either prove or not prove it's authenticity but, denied the access to it is a direct Due Process Violation and until said time this has been addressed by this Court, Fraudulent Concealment Doctrine tolls all statute. See COX V UPJOHN, 913 S.W.2d at 225, MARTIN V CATTERSON 981 S.W.2d at 222, WILLIS 760 S.W.2d at 642. TURNER V UPTON COUNTY, TX 915 F.2d at 133(5th), Sheriff/Appellee is responsible for the training and actions of his employee's. The third element is satisfied as until Appellant is allowed to question employee's of Appellee Sheriff, Fraudulent Concealment exist, after all what is Appellee/Sheriff worried about if the Extraneous Offense Report is true and correct, then he only need to supply the evidence to support it in testimony or witness state - ments and this suit goes away.

## POINT NUMBER FIVE AND ARGUMENTS

Appellee clearly states on page 17 of his brief " Appellee's answer was prope- rly filed. By simple coincidence, the two documents were filed on the same date, but that in no way defeats the purpose or intent of the answer. The file stamp on Appellee's answer reflects that it was filed at 3:09 pm. The notice of removal was file stamped at 4:46 pm on the same day. The notice of removal had no consequence upon the answer filed by Appellee. When Appellee filed his answer, the State District Court had unfettered jurisdiction of the cause. It was not until 4:46 pm, on April 4, 2012, that the State District Court's jurisdiction was interrupted by the filing of the notice of removal."

Appellant would beg to argue that this statement by appellee is false and does not reflect the evidence. See EXHIBIT "J" CLERKS INDEX. A record of all fil- ings contained in this cause. It shows that the Removal was filed on April 4,

2012, removing jurisdiction from the District Court. It also Clearly shows that Appellee filed his ONE AND ONLY ANSWER ON APRIL 5th, 2012. A full day after District Court lost its jurisdiction. This is not some simple coincidence of mere hours as explained by Appellee. The law is clear on the use of the Clerks Record and the importance of this record. TRCP 5, DEEMED FILED, "A document is deemed filed when it is put in the clerk's custody and control." WARNER V GLASS,135.S.W.3d at 681,684(Tex 2004),JAMAR V PATTERSON,868,S.W.3d at 318,319,"If the date of filing becomes an issue, the party relying on the document must prove the date the document was tendered to the clerk." "[A]n instrument is deemed...filed at the time it is left with the clerk,REGARDLESS OF WHETHER THE FILE MARK GIVES SOME OTHER DATE OF FILING." WARNER V GLASS, 135.S.W.3d at 681,684.

WHEN A DISPUTE ARISES ABOUT THE FILING DATE OF A DOCUMENT, HOWEVER,THE DATE THE DOCUMENT WAS TENDERED TO THE CLERK CONTROLS, EVEN OVER THE FILE-STAMP DATE ON THE DOCUMENT." COASTAL BANC SSB V HELLE,988.S.W.2d at 214,216,JAMAR V PATTERSON,868.S.W.2d at 318,319.

It's a very plausible scenario that since counsel for Appellee,and clerk share the same hallway in the same building that document could have been stamped while clerk visited said office or vis versa and was later given to clerk at leisure to file the next day being April 5th,2012.Anything is possible but, the fact remains the Clerks Record shows this document being filed on April 5,2012 after jurisdiction had been fettered as compared to unfettered.

Its problematic that while comparing documents in possession of Appellant that are time stamped by the District Clerk of Atascosa, all documents and the date filed and the date stamped "ALL" match EXCEPT ONE ! this ANSWER fails to meet the Clerks Index date and the date stamped. WHY would the clerk

(17)

file one on the same date it was stamped when it was filed at closing 4:46 pm, April 4,2012,and NOT FILE ONE that was much earlier in the day at 3:09 pm April 4, 2012 and wait a full day to file the latter ? The truth is the District Clerk did not have custody of said document until April 5, 2012. The evidence and Clerks Record support this as fact. Appellee's only argument confirming any filed answer is without any merit and not based in law or fact. The judgement granted by Hearing Court needs to be reversed GRANTING NO-ANSWER Summary Judgement to Appellant.

## CONCLUSION

What is knowledge without evidence or being denied the ability to develope evidence in support of knowledge. This in law is considered a Due Process violation directly affecting the operation of law and denying Appellant his rights guaranteed by the 6th and 14th Amendmants. Appellee trys to divert this Courts attention away from the true nature of this complaint. Fraudulent Concealment of the true facts supported by evidence is being withheld from Appellant concerning the validity of the extraneous offense report and testimony concerning employee's of the Appellee and their alleged complaints named upon this report as true and correct. Appellee is stating that Appellant is trying to relitigate his criminal proceedings in this complaint. Nothing could be further from the truth as this Court cannot free Appellant or lesson his sentence. NO !, Appellant is pursuing Due Process and Civil Rights Violations done him at sentencing phase of his trial, caring little about a conviction pertaining to same. There are laws and statute that dictate the order of things in a Court proceeding and Appellee violated these, depriving Appellant of his Due Process Rights and Civil Rights guaranteed by the 6th and 14th Amendments. These violations happened in a criminal proceeding but,

the correct venue for addressing such violtions are in a civil court as these are civil violations.

FORD MOTOR COMPANY V RIDGEWAY,135 S.W.3d at 598,601, Evidence that does no more than create mere suspician of existance of a fact, in legal effect,NO-EVIDENCE. The document extraneous offense report items 3-20 are not supported by any existing evidence or fact. GUERRA V JOHNSON,90 F.3d at 1075(5th) "False evidence, testimony, use of perjured document not corrected,equal 6th, 14th, USCA violations. ALLEYNE V UNITED STATES,133 S.Ct.2151 (2013) The essential point that the aggravating factor produced a higher range of punishment,(extraneous offense report) equals a ALLEYNE violation.

Appellant is a first time offender and has never been convicted of any violent offense. Appellant was on probation for writing three bad checks. The least time Appellant could have received was five years and received 40 years due to the illegal use of the document (extraneous offense report) containing the fabricated nonexistent offenses given to the jury to use while assessing Appellant's punishment violated Appellant's Due process and Civil Rights to a fair and impartial jury.This considered ALLEYNE violation as the punishment exceded the minimum FIVE YEARS by using this aggravating factor,"extraneous offense report." Falsification of evidence obstructing justice,US V CIHAK, 137 F.3d at 252, CALDWELL V BELL,288 F.3d at 838," Instructions that tell a jury to presume any element of a crime without evidence violates the 14th Amendment Due process Guarantee's.See exhibit "D" MNT,See exhibit"K" charge to the Court. SKINNER V SWITZER,131 S.Ct. at 1289 (2011) this case explains that even if judgement would imply the invalidity of a conviction, even if this is not the available remedy the action should be allowed to proceed. DOTSON 544 US at 86,125 S.Ct at 1242,161 L.Ed 2d at 253.

(19)

This is a Due Process Complaint addressing the violations done to Appellant during his sentencing phase of his criminal trial. Appellant has only asked for Declaratory and Injunctive Relief as stated in the pleadings and prayers. Not any reversal of any criminal conviction. Appellant has stated it clearly and concisely in law and statute. Fraudulent Concealment Doctrine under Texas Tort Laws toll statute until said time an investigation and Declaration is made that states the credibility and reliability as supported by testimony and documentation concerning the document extraneous offense report and its true nature. Appellee's arguments hold no merit in law or fact and actually bring to light more questions concerning concealment and colusion where the filing of documents dont match with dates or fraudulent testimony about certified certificates being signed by people who dont reside as stated at hearing. Appellant urges this Honorable Court to investigate this document and matters fully and to report the facts satisfying the Declaration and Injunctive relief sought by Appellant. Reversing judgement by Hearing Court and GRANTING the NO-ANSWER and NO-EVIDENCE Summary Judgement in favor of Appellant. See CHAPMAN V MARATHON MFG Co,590 S.W.2d at 549

## PRAYER

WHEREFORE premises considered Appellant prays this Honorable Court Reverse judgement by Hearing Court and GRANT NO-ANSWER and NO-EVIDENCE summary judgement in favor of Appellant granting all relief he is intitled to. If not Appellant prays this Honorable Court investigate this complaint and REMAND it to another COURT and APPOINT another JUDGE to hear this case.Appellant cannot receive a full and fair review in Atascosa County nor can a impartial Judge be appointed that has ties to that community be appointed to such a case as Judge Thomas F. Lee has.Appellant prays this Honorable Court make ORDER for a bench warrant so Appellant can attend.

(20)

(continued from Prayer)

David A. Edwards #907246
DAVID ALLAN EDWARDS #907246
APPELLANT/pro se
ELLIS UNIT, 1697 FM 980
HUNTSVILLE, TEXAS 77343
DATE: 2-3-15

## DECLARATION

I DAVID ALLAN EDWARDS #907246, declare under penalty of perjury pursuant to § 132.001 CPRC, That I have read and subscribe to the above and I swear that the information contained within is true and correct to the best of my knowledge.

Executed on 2-3-15 at the Ellis Unit, Huntsville, Texas.

## CERTIFICATE OF SERVICE

I DAVID ALLAN EDWARDS #907246, hereby certify under penalty of perjury that a true and correct copy of the RESPONSE TO APPELLEE'S BRIEF, has been provided to the Deputy Clerk of The Fourth Court of Appeals, with a request that said Clerk please provide all interested parties a copy. Document is being sent via USPS this 3 day of February 2015, via postage paid envelope.

David A. Edwards #907246
DAVID ALLAN EDWARDS # 907246
APPELLANT/pro se
ELLIS UNIT, 1697 FM 980
HUNTSVILLE, TEXAS 77343

# LIST OF EXHIBITS

A) LETTER FOR COURT OF APPEALS,NO RECORD

B) MOTION TO RESET SJ HEARING

C) REQUEST FOR FINDING OF FACTS **THREE MOTIONS**

D) MOTION FOR NEW TRIAL

E) I/60 MAILROMM SUPERVISOR

F) SIGNED CERTIFIED

G) EXTRANEOUS OFFENSE/AFFIDAVIT CAPTAIN MARTIN GONZALES

H) NEW EXHIBIT/ STATEMENT FROM ELLIS UNIT MAILROOM SUPERVISOR/ USPS TRACKING STATEMENT/AMANDA BELTRAN ADDRESS

I) INMATE DECLARATION / APPELLANT'S

J) CLERKS INDEX OF ALL FILINGS/ATASCOSA COUNTY

K) CHARGE TO THE COURT/APPELLANT'S TRIAL

# EXHIBIT

# H

1) STATEMENT FROM ELLIS UNIT MAILROOM SUPERVISOR

2) USPS TRACKING STATEMENT

3) AMANDA BELTRAN ADDRESS

**SUBJECT:** *State briefly the problem on which you desire assistance.*

Ms English, Mailroom Supervisor

I have written to you before on this subject about a Brown working And signing a certified for me. That said, The County Attorney has changed the name to Amanda Beltran, stating she works for this unit mailroom and signed for my certified on April 9, 2014.

A) Does Amanda Beltran work or has ever worked for you?

B) What date did this certified come from County Attorney, Atascosa

C) Do you have the tracking number from it, can I have it please.

This will be my last time bothering you! Thank you for your help in this matter. This particular certified is all that is in question.

Name: David A. Edwards        No: 907246        Unit: Ellis 1

Living Quarters: C7-3-4B        Work Assignment: Commissary

**DISPOSITION:** (Inmate will not write in this space)

A. – NO

B. – April 7, 2014; forwarded to BW/007

C. – 7011 3500 0001 3842 2829

mcEntire

I-60 (Rev. 11-90)

(1)



# USPS Tracking™



**Customer Service ›**
Have questions? We're here to help.

**Tracking Number: 70113500000138422829**

## Product & Tracking Information

**Available Actions**

Return Receipt After Mailing

**Postal Product:**          **Features:**
                             Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| April 9, 2014 , 9:18 am | Delivered | JOURDANTON, TX 78026 |

Your item was delivered at 9 18 am on April 9, 2014 in JOURDANTON, TX 78026

| | | |
|---|---|---|
| April 8, 2014 , 7:01 pm | Departed USPS Facility | SAN ANTONIO, TX 78284 |
| April 8, 2014 , 3:44 pm | Arrived at USPS Facility | SAN ANTONIO, TX 78284 |
| April 5, 2014 , 4:35 am | Departed USPS Facility | NORTH HOUSTON, TX 77315 |
| April 4, 2014 , 5:44 pm | Arrived at USPS Facility | NORTH HOUSTON, TX 77315 |
| April 4, 2014 , 12:58 am | Departed USPS Facility | SAN ANTONIO, TX 78284 |
| April 3, 2014 , 9:35 pm | Arrived at USPS Facility | SAN ANTONIO, TX 78284 |

## Track Another Package

**Tracking (or receipt) number**

Track It

HELPFUL LINKS
Contact Us
Site Index
FAQs

ON ABOUT USPS COM
About USPS Home
Newsroom
USPS Service Updates
Forms & Publications
Government Services
Careers

OTHER USPS SITES
Business Customer Gateway
Postal Inspectors
Inspector General
Postal Explorer
National Postal Museum
Resources for Developers

LEGAL INFORMATION
Privacy Policy
Terms of Use
FOIA
No FEAR Act EEO Data

Copyright © 2014 USPS  All Rights Reserved

( 2 )

BELTRAN ALBERT & AMANDA G
709 SIMMONS AVE
JOURDANTON, TX 78026

(3)

# EXHIBIT

# I

APPELLANT'S DECLARATION

## INMATES SWORN TO DECLARATION

I <u>DAVID ALLAN EDWARDS</u>,# 907246, located at the Ellis Unit, Huntsville, Texas duly say as follows. I on January 7th or 8th of 2000, was sitting in Dayroom #4 at the Atascosa County Jail. The records will confirm this fact. I was sitting at the table with Steve Worthy and Isreal Gonzales as the jail records should confirm were also being housed in that dayroom at that time. Correction Officer Christopher Diamond came in and aproached the table. Mr. Diamond was acting very nervous and timid in looks and actions, unlike his usual self. He came over and said "HE WAS SORRY" and that "THEY MADE HIM DO IT," at the trial. I asked why and he explained he and his wife had just bought a house and had a new baby and he needed his job. He asked if I could under-stand his position. I asked him who made him and he shrugged his head towards the administrative section where the Sheriff's office resides. I told him I understood and that I forgave him, we shook hands and he walked out.

I <u>DAVID ALLAN EDWARDS</u>,# 907246, declare under penalty of perjury pursuant to § 132.001,CPRC, that I have read and subscribe to the above and I swear that the information contained therein is true and correct to the best of my knowledge. I also invite a polygraph if this Honorable Court needs further proof that this admission by Mr. Diamond took place.

Executed on _2-3-15_ at the Ellis Unit, Huntsville, Texas.

David A. Edwards #907246

David Allan Edwards # 907246
Appellant/pro se
Ellis Unit, 1697 FM 980
Huntsville, Texas 77343

# EXHIBIT

# J

CLERKS INDEX/ ATASCOSA COUNTY

REC NO: 22769

# Atascosa County, Texas
## Margaret E. Littleton, District Clerk
1 Courthouse Circle Dr. Ste. 4-B
Jourdanton, Texas 78026
(830) 769-3011



DATE : 09/26/2013

YOUR CASHIER WAS: JRODRIGUEZ

RECVD FROM:   MR. EDWARD

TIME : 09:20am

REGISTER NO : 2

| ITEM DESCRIPTION | GFE NO. | CLERK/CAUSE NO. | QTY | FEES DUE |
|---|---|---|---|---|
| COPIES | | | | |
| | | 12-02-0185-CVA | 7 | $ 7.00 |

AMOUNT DUE $ 7.00

------------------ AMOUNT TENDERED ----------------

| | |
|---|---|
| CASH RECEIVED | $ 7.00 |
| CHECKS RECEIVED | $ 0.00 |
| CC RECEIVED | $ 0.00 |
| TIME SERVED | $ 0.00 |
| WAIVED FEES | $ 0.00 |
| DEPOSITORY DEBIT | $ 0.00 |
| DIRECT DEPOSIT | $ 0.00 |

TOTAL PAYMENTS $ 7.00

------------- TRANSACTION SUMMARY -----------

| | |
|---|---|
| TOTAL PAYMENTS | $ 7.00 |
| AMOUNT DUE | $ 7.00 |

CHANGE DUE BACK $ 0.00

REC NO. 22769 CLOSED

Thank you

*Margaret E. Littleton*
District Clerk

EDWARDS, DAVID ALLAN                          ATTORNEY: PRO SE

--VS.--

COUNTY OF ATASCOSA                            ATTORNEY:
DISTRICT ATTORNEY OF ATASCOSA COUNT          ATTORNEY: DOUGLASS,BRIDGET A.
                                             70 NORTHEAST LOOP 410, SUIT
                                             SAN ANTONIO, TEXAS 78216
                                             (210)734-7092
JUDGE OVER COURT                             ATTORNEY:
SHERIFF OF ATASCOSA COUNTY                   ATTORNEY: VICKERS,LUCINDA A.
                                             P.O. BOX 249
                                             PLEASANTON, TX 78064
                                             (830)569-5567
PHILLIPS M.D., GERARD B.                     ATTORNEY: MCCAMPBELL,PEGGY
                                             113 N. BRYANT
                                             PLEASANTON, TX 78064
                                             (830)569-5990

CAUSE OF ACTION: INJURY/DAMAGE OTHER THAN VEHICLE
FILE DATE: 02/28/2012

| DATE | NATURE OF PROCEEDINGS<br>REMARKS | AMOUNT | USER |
|------|----------------------------------|--------|------|
| 02/28/2012 | CIVIL ORIGINAL PETITION | $242.00 | CDUN |
| 02/29/2012 | REQUEST FOR PROCESS<br>ROGER EDWARDS | $0.00 | JROD |
| 03/01/2012 | CITATION BY CERTIFIED MAIL<br>RENE M. PENA | $108.00 | JROD |
| 03/01/2012 | CITATION BY CERTIFIED MAIL<br>STELLA SAXON | $108.00 | JROD |
| 03/01/2012 | CITATION BY CERTIFIED MAIL<br>TOMMY WILLIAMS | $108.00 | JROD |
| 03/05/2012 | AFFIDAVIT OF RETURN OF CERTIFIED MAIL<br>RENA M. PENA | $0.00 | JROD |
| 03/05/2012 | AFFIDAVIT OF RETURN OF CERTIFIED MAIL<br>TOMMY WILLIAMS | $0.00 | JROD |
| 03/05/2012 | AFFIDAVIT OF RETURN OF CERTIFIED MAIL<br>STELLA SAXON | $0.00 | JROD |
| 03/26/2012 | DEFENDANT'S ORIGINAL ANSWER<br>DISTRICT ATTORNEY OF ATASCOSA COUNTY | $0.00 | JROD |
| 04/02/2012 | DEFENDANTS<br>FIRST AMENDED ORIGINAL ANSWER | $0.00 | RGOM |

04/04/2012      DEFENDANT                              $0.00   RGOM

DISTRICT ATTORNEY OF ATASCOSA COUNTY'S NOTICE TO STATE
COURT OF REMOVAL

ATASCOSA COUNTY CIVIL CASE SUMMARY - PLEADINGS ONLY
CAUSE # 12-02-0185-CVA

CAUSE OF ACTION: INJURY/DAMAGE OTHER THAN VEHICLE
FILE DATE: 02/28/2012

| DATE | NATURE OF PROCEEDINGS REMARKS | AMOUNT | USER |
|---|---|---|---|
| 04/05/2012 | DEFENDANT'S ORIGINAL ANSWER<br>SHERIFF OF ATASCOSA | $0.00 | RGOM |
| 04/05/2012 | MOTION<br>TO SUPPLEMENT T.R.C.P 69,80 | $0.00 | JROD |
| 04/05/2012 | MOTION<br>FOR ISSUANCE OF BENCH WARRANT | $0.00 | JROD |
| 04/05/2012 | NOTICE<br>JUDICIAL | $0.00 | JROD |
| 04/26/2012 | MOTION<br>TO PROCEED IN FORM PAUPERIS | $0.00 | JROD |
| 05/02/2012 | SUMMARY JUDGMENT<br>SUMMARY AND/OR DEFUALT JUDGEMENT T.R.C.P., 166,238,239<br>JUDGE OVER COURT, HONORABLE JUDGE STELLA SAXON | $0.00 | CDUN |
| 05/02/2012 | SUMMARY JUDGMENT<br>SUMMARY AND/OR DEFUALT JUDGEMENT T.R.C.P., 166,238,239<br>SHERIFF OF ATASCOSA COUNTY | $0.00 | CDUN |
| 05/02/2012 | SUMMARY JUDGMENT<br>SUMMARY AND/OR DEFUALT JUDGEMENT T.R.C.P., 166,238,239<br>DISTRICT ATTORNEY | $0.00 | CDUN |
| 05/08/2012 | SUMMARY JUDGMENT<br>SUMMARY AND/OR DEFUALT JUDGMENT T.R.C.P., 166, 238, 239<br>DR. GERALD B. PHILLIPS/COUNTY JAIL PHYSICIAN | $0.00 | GBEN |
| 05/08/2012 | SUMMARY JUDGMENT<br>SUMMARY AND/OR DEFUALT JUDGMENT T.R.C.P., 166, 238, 239<br>COUNTY COURT OF COMMISSIONERS OF ATASCOSA COUNTY | $0.00 | GBEN |
| 05/14/2012 | DEFENDANT'S ORIGINAL ANSWER<br>GERALD B. PHILLIPS, M.D. | $0.00 | CDUN |
| 05/14/2012 | LETTER | $0.00 | CDUN |
| 05/14/2012 | PLAINTIFFS FIRST SET OF<br>INTERROGATORIES TO DEFENDANT<br>JUDGE OVER COURT, HOROABLE JUDGE, STELLA SAXON | $0.00 | JROD |

| 05/14/2012 | PLAINTIFFS FIRST SET OF INTERROGATORIES TO DEFENDANT SHERIFF OF ATASCOSA COUNTY, TOMMY WILLIAMS | $0.00 | JROD |
|---|---|---|---|
| 05/14/2012 | PLAINTIFFS FIRST SET OF INTERROGATORIES TO DEFENDANT | $0.00 | JROD |

## ATASCOSA COUNTY CIVIL CASE SUMMARY - PLEADINGS ONLY
### CAUSE # 12-02-0185-CVA

CAUSE OF ACTION: INJURY/DAMAGE OTHER THAN VEHICLE
FILE DATE: 02/28/2012

| DATE | NATURE OF PROCEEDINGS<br>REMARKS | AMOUNT | USER |
|---|---|---|---|
| | DR. GERALD B. PHILLIPS PHYSICIAN OF COUNTY JAIL | | |
| 05/14/2012 | PLAINTIFFS FIRST SET OF INTERROGATORIES TO DEFENDANT DISTRICT ATTORNEY OF ATASCOSA COUNTY, RENE PENA | $0.00 | JROD |
| 05/17/2013 | COURT OF APPEALS APPELLANT'S NOTICE OF APPEAL CONDITIONALLY FILED | $0.00 | GBEN |
| 05/23/2012 | PLAINTIFFS FIRST SET OF INTERROGATORIES TO DEFENDANT COUNTY COMMISIONERS | $0.00 | CDUN |
| 05/28/2013 | COURT OF APPEALS RELATOR'S PETITION FOR WRIT OF MANDAMUS FILED | $0.00 | GBEN |
| 05/31/2012 | DEFENDANTS' RESPONSE SHERIFF OF ATASCOSA COUNTY TOMMY WILLIAMS TO FIRST SET OF INTERROGATORIES OF PLAINTIFF DAVID ALLAN EDWARDS | $0.00 | GBEN |
| 05/31/2012 | LETTER | $0.00 | JROD |
| 06/11/2012 | NOTICE OF APPEARANCE OF CO-COUNSEL FOR DR. GERALD B. PHILLIPS | $0.00 | CDUN |
| 06/19/2012 | OBJECTION TO PLAINTIFFS FIRST SET OF INTERROGATORIES (GERLAD B.. PHILLIPS) | $0.00 | NVIL |
| 10/12/2012 | ORDER REMAND ORDER | $0.00 | CDUN |
| 10/24/2012 | MOTION REINSTATEMENT FROM REMOVAL T. R. C. P. 237 A FOR MOTION TO SUPPLEMENT T. R. C. P. 69, 80 AND / OR SUMMARY/ DEFAULT UNDER T. R. C. P. 237, 239, 166 | $0.00 | JROD |
| 10/24/2012 | MOTION AND ORDER COMPELLING DEFEDANTS TO ANSWER INTERROGATORIES | $0.00 | JROD |
| 11/01/2012 | MOTION TO WITHDRAW AND SUBSTITUTE ATTORNEY AD LITEM | $0.00 | CDUN |

| 11/06/2012 | LETTER | $0.00 | DAVE |
| 11/07/2012 | DEFENDANTS FIRST AMENDED ORIGINAL ANSWER | $0.00 | GBEN |

GERALD B. PHILLIPS, M.D.'S ANSWER AND JURY DEMAND

| 11/28/2012 | PLAINTIFFS ANSWER | $0.00 | CDUN |

## ATASCOSA COUNTY CIVIL CASE SUMMARY - PLEADINGS ONLY
### CAUSE # 12-02-0185-CVA

CAUSE OF ACTION: INJURY/DAMAGE OTHER THAN VEHICLE
FILE DATE: 02/28/2012

| DATE | NATURE OF PROCEEDINGS REMARKS | AMOUNT | USER |
| --- | --- | --- | --- |
| 11/29/2012 | MOTION TO RECUSE | $0.00 | CDUN |
| 12/06/2012 | DEFAULT JUDGMENT AND OR SUMMARY | $0.00 | JROD |
| 12/10/2012 | DEFENDANTS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION | $0.00 | CDUN |
| 12/10/2012 | DEFENDANT'S ORIGINAL ANSWER | $0.00 | CDUN |
| 12/19/2012 | ADVISORY TO THE COURT | $0.00 | AGUZ |
| 12/21/2012 | PLAINTIFF'S RESPONSE TO DEFENDANT STELLA SAXON'S ORIGINAL ANSWER *AND* OBJECTION TO ATTORNEY GENERAL AS COUNSEL FOR DEFENDANTS | $0.00 | JROD |
| 12/21/2012 | ADVISORY TO THE COURT | $0.00 | CDUN |
| 03/08/2013 | NOTICE OF SETTING 4/17/2013 | $0.00 | AGUZ |
| 03/11/2013 | NOTICE OF HEARING | $0.00 | CDUN |
| 03/21/2013 | MOTION TO DISMISS WITH PREJUDICE DEF. GERALD PHILLIPS MD MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO SERVE AN EXPERT REPORT AND CIRRICULUM VITAE | $0.00 | NVIL |
| 03/22/2013 | NOTICE IMPLIED | $0.00 | JROD |
| 03/22/2013 | MOTION FOR DEFENDANTS TO POST SECURITY BOND FOR COST UPON FINAL JUDGMENT AND ATTORNEY FESS, T.R.C.P. 130,131,143,147,22 OF THE GOVERMENT CODE,F.R.C.P. 54. | $0.00 | JROD |

| DATE | NATURE OF PROCEEDINGS | | |
| --- | --- | --- | --- |
| | | | |

03/22/2013      MOTION          $0.00   JROD
OF LIMINE T, RULE, EVIDENCE 103, 404,608,609,AS TO PRIOR
OF PRESENT CONVICTION

03/28/2013      PLAINTIFF'S RESPONSE       $0.00   CDUN
PLAINTIFFS ANSWER TO DEFENDANT GERALD PHILLIPS, M.D.S
MOTION TO DISMISS WITH PREJUDICE FOR FAILER TO SERVE AN
EXPERT REPORT AND CURRICULUM VITAE PURSUANT TO SECTION
74.351 OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE
AND MOTION FOR SERVERANCE

04/05/2013      LETTER          $0.00   CDUN

## ATASCOSA COUNTY CIVIL CASE SUMMARY - PLEADINGS ONLY
## CAUSE # 12-02-0185-CVA

CAUSE OF ACTION: INJURY/DAMAGE OTHER THAN VEHICLE
FILE DATE: 02/28/2012

| DATE | NATURE OF PROCEEDINGS REMARKS | AMOUNT | USER |
| --- | --- | --- | --- |
| | TO DEANN | | |
| 04/17/2013 | JUDGMENT | $0.00 | DAVE |
| 04/22/2013 | AGREED ORDER GRANTING MOTION FOR WITHDRAWAL AND SUBSTITUTION OF COUNSEL | $0.00 | CDUN |
| 05/15/2013 | OBJECTION TO DISMISSAL OF DEFENDANT JUDGE STELLA SAXON AND NOTICE OF APPEAL | $0.00 | CDUN |
| 05/24/2013 | REMARKS MANDAMUS TO COMPEL FOR PERFORMANCE OF PROCESS SUMMARY JUDGMENT/DEFAULT JUDGMENT RULE 55, 56, 166, 237, 238, 239, 268 | $0.00 | AGUZ |
| 06/03/2013 | COURT OF APPEALS PETITI.ON FOR WRIT OF MANDAMUS DENIED | $0.00 | GBEN |
| 06/04/2013 | COURT OF APPEALS APPELLANT'S INFORMATION (LETTER FROM DAVID ALLEN EDWARDS) HAS BEEN RECEIVED | $0.00 | GBEN |
| 06/04/2013 | COURT OF APPEALS APPELLANT'S INFORMATION (LETTER FROM SUSAN EDWARDS) HAS BEEN RECEIVED | $0.00 | GBEN |
| 06/06/2013 | COURT OF APPEALS ORIGINAL MANDAMUS PROCEEDING - PETITION FOR WRIT OF MANDAMUS DENIED | $0.00 | GBEN |
| 06/13/2013 | COURT OF APPEALS APPELLANT'S DOCKETING STATEMENT FILED | $0.00 | GBEN |
| 06/24/2013 | COURT OF APPEALS | $0.00 | GBEN |

AND FOR SEVERANCE FILED ON BEHALF OF GERALD B. PHILLIPS
M.D.'S

09/17/2013          NOTICE OF HEARING
            ON DEFENDANT GERALD PHILLIPS M.D.S MOTION FOR SUMMARY          $0.00   CDUN
            JUDGMENT AND FOR SEVERANCE

09/17/2013          PLAINTIFFS
            ANSWER AND OBJECTION TO DEFENDANT GERALD B. PHILLIPS,          $0.00   CDUN
            M.D.'S MOTION FOR SUMMARY JUDGMENT AND SEVERANCE

09/26/2013          DEFENDANT
*Filed- 8:22 Am*  GERALD B. PHILLIPS, M.D.'S REPLY TO PLAINTIFF'S RESPONSE     $0.00   JROD
            TO MOTION FOR SUMMARY JUDGMENT

TOTAL PLEADINGS LISTED: 82

# EXHIBIT



CHARGE TO THE COURT

APPELLANT'S TRIAL

NO. 99-05-00071-CRA

THE STATE OF TEXAS )( IN THE DISTRICT COURT

VS. )( 81ST/218TH JUDICIAL DISTRICTS

DAVID EDWARDS )( ATASCOSA COUNTY, TEXAS

## CHARGE OF THE COURT

The defendant, David Edwards, stands charged by indictment with the offense of aggravated robbery, alleged to have been committed in Atascosa County, Texas on or about the 13th day of April, 1999.

To this charge the defendant has entered his plea of guilty, notwithstanding that the court, as required by law, has admonished him of the consequences. It plainly appearing to the court that the defendant is mentally competent, and that he makes this plea freely and voluntarily, his plea is by the Court received. You are instructed to find the defendant guilty as charged in the indictment and assess his punishment at confinement in the penitentiary for any term of years not less than five years nor more than ninety-nine years or life, and in your discretion, no fine whatsoever, or a fine in any amount not to exceed $10,000.00

(1)

You may consider evidence of an extraneous crime or bad act in assessing punishment even if the defendant has not yet been charged with or finally convicted of the crime or act. However, you may consider such evidence only if the extraneous crime or bad act has been shown by the State beyond a reasonable doubt to have been committed by the defendant or is one for which the defendant could be held criminally responsible.

The prosecution does not have to prove an extraneous crime or bad act beyond all possible doubt. The prosecution's proof must exclude all "reasonable doubt" concerning the extraneous crime or bad act.

A "reasonable doubt" is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

Therefore, if you find and believe beyond a reasonable doubt that the defendant committed an extraneous crime or bad act or could be held criminally responsible for an extraneous crime or bad act, then you may consider such evidence in assessing the Defendant's punishment. However, if you have a reasonable doubt that the defendant committed an extraneous crime or bad act or could be held criminally responsible for an extraneous crime or bad act, then you may not consider such evidence in assessing punishment.

After the reading of this charge, you shall not be permitted to separate from each other: nor shall you talk with anyone not of your jury. After argument of counsel, you will retire and select one of your members as your presiding juror. It is his or her duty to preside at your deliberations and to vote with you in arriving at a unanimous verdict

No one has any authority to communicate with you except the officer who has you in charge. After you retire, you may communicate with this court in writing through the officer. Do not attempt to talk to the officer who has you in charge, or the attorneys, or the court, or anyone else concerning any questions you may have.

After you have arrived at your verdict, you may use the form attached hereto by having your presiding juror sign his or her name. The verdict form attached is merely for your convenience if you desire to use it.

Respectfully submitted,

STELLA SAXON
Presiding Judge

O'CLOCK M
DISTRICT CLERK
JAN 6 2000

(4)